## DUNCAN v. LLOYD.

### September 10, 1836.

*Rule to show cause why the fieri facias and writ of inquiry should not be set aside.*

Where a writ of inquiry to assess the damages issues on a judgment obtained by default for want of an appearance, the defendant is entitled to eight days' notice, at least, of the execution of the writ. The notice is to be served on the defendant in person, if practicable, or *if not by reason of absence or concealment*, by leaving it with his family or at his usual place of residence. If he is not in the bailiwick, and has no family or residence therein, the notice is to be posted up in the prothonotary's office.

In foreign attachment *the notices are put up* in the prothonotary's office.

A SUMMONS had issued in this case, returnable to December term 1835. The return of the sheriff was "summoned." The defendant did not appear, and judgment was rendered against him for want of an appearance. A writ of inquiry for the assessment of the plaintiff's damages was issued on the 1st day of June 1836, returnable to the first Monday of June, which was the 6th. This writ was executed on the 3d day of June, and the sheriff returned the inquisition by which the plaintiff's damages were assessed.

The plaintiff then issued a *fieri facias*, returnable to September term 1836.

The defendant thereupon obtained a rule to show cause why the *fieri facias*, the writ of inquiry and the proceedings thereon should not be set aside.

[Duncan v. Lloyd.]

*J. R. Ingersoll,* for the rule, said that the practice had always been in conformity with the rule laid down in Moore *v.* Hess, 4 *Yeates* 261, which was that the defendant was entitled to eight days notice, at least, of the execution of a writ of inquiry.

*I. Norris, contra,* stated that the practice (in the absence of a positive rule of court on the subject) had varied, and that *reasonable* notice was only required to be given, as to which, each case was governed by its own circumstances.

PER CURIAM.—The writ of inquiry in this case issued on the fourth day before the day of its execution, considering both days included.  This is contrary to what has been understood to be the rule of practice since the matter was settled in Moore *v.* Hess. Although the practice has undoubtedly suffered some interruption, yet parties have always taken the risk of short notices.  We think the defendant is entitled to eight days notice, at least, of the execution of the writ of inquiry.  The notice is to be served on the defendant in person, if practicable; or if not, by reason of absence or concealment, by leaving it with his family, or at his usual place of residence.  If he is not in the bailiwick, and has no family or residence therein, the practice is to post the notice in the prothonotary's office, as in case of writs of inquiry on judgments in foreign attachment.

Rule absolute.